J-S37038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL JOHNSON | : | |
| | : | |
| Appellant | : | No. 3586 EDA 2017 |

Appeal from the PCRA Order September 29, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000835-2013

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 24, 2018**

Appellant Darryl Johnson appeals from the order of the Court of Common Pleas of Delaware County dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Defense counsel has filed a petition to withdraw his representation.  After careful review, we grant counsel's request to withdraw and affirm the PCRA court's order.

On October 19, 2012, Appellant and his co-defendant, Phillip Freeman, were arrested in connection with the armed robbery of the victim, David Davis. After a jury trial on February 4-6, 2014, the jury convicted Appellant of conspiracy to commit robbery (threaten serious bodily injury) and firearms not to be carried without a license. The trial court convicted Appellant of persons not to possess a firearm.

On April 24, 2014, Appellant received an aggregate sentence of 54-120 months' incarceration to be followed by ten years' probation.  After Appellant

_____
*   Former Justice specially assigned to the Superior Court.

filed a timely appeal, this Court affirmed the judgment of sentence on February 2, 2015.

On December 14, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Scott D. Galloway, Esq. to represent Appellant. After receiving several time extensions, counsel filed an amended PCRA petition on March 15, 2017, claiming Appellant's trial counsel was ineffective for failing to make a purported plea deal known to Appellant. The Commonwealth lodged an answer in which it cited to notes of testimony from the April 1, 2013 hearing during which Appellant was informed on the record of the Commonwealth's negotiated guilty plea offer.

On May 11, 2017, the PCRA court entered an order notifying Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 1, 2017, Appellant filed a response to the Rule 907 notice, arguing, *inter alia*, that PCRA counsel was ineffective for failing to raise several other allegations of trial counsel's ineffectiveness. On July 20, 2017, the PCRA court held a hearing that focused on Appellant's assertions of PCRA counsel's ineffectiveness for not raising certain issues.[1]

_____

[1] As Appellant was represented by counsel, the PCRA court was not required to consider the issues that Appellant raised in his *pro se* Petition. It is well-established that a criminal defendant "represented by counsel is not entitled to 'hybrid representation'— *i.e.,* he cannot litigate certain issues *pro se* while counsel forwards other claims." **Commonwealth v. Tedford**, 598 Pa. 639, 960 A.2d 1, 10 n. 4 (2008). **See Commonwealth v. Pursell**, 555 Pa. 233, 724 A.2d 293, 302 (1999) (holding that "the decision whether to allow such hybrid representation is within the sound discretion of the trial court … [w]e

On July 26, 2017, the PCRA court entered an order notifying Appellant of its intent to dismiss the claims raised in his *pro se* response.  The PCRA court granted Appellant's request for additional time to respond to the more recent notice of dismissal.  On September 21, 2017, Appellant filed a response to this more recent Rule 907 notice.  On September 29, 2017, the PCRA court filed an order dismissing Appellant's amended PCRA petition filed by counsel and his *pro se* responses to the Rule 907 notice.

On October 27, 2017, Appellant filed a timely, counseled appeal through Atty. Galloway, who complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, however, Atty. Galloway filed a petition to withdraw his representation and a brief relying on **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967).  Appellant did not submit a filing to respond to counsel's request to withdraw his representation.

As an initial matter, we must evaluate counsel's petition to withdraw his representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213

will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represents those defendants"); **see also Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa.Super. 2016) (indicating "[i]n this Commonwealth, hybrid representation is not permitted.... indeed, *pro se* motions have no legal effect and, therefore, are legal nullities); **Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa.Super. 2011) (finding the PCRA court erred by allowing permitting dual representation during the disposition of the petitioner's PCRA petition).

(Pa.Super. 1988)] and ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)).

We note that defense counsel has filed his petition to withdraw on the basis of frivolity pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Although **Anders** briefs are filed by counsel who wish to withdraw on direct review, we will accept counsel's **Anders** brief in lieu of a **Turner-Finley** letter, as an **Anders** brief provides greater protection to criminal defendants.  **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

After reviewing the record and counsel's petition to withdraw, we find that PCRA counsel has complied with the technical requirements of **Turner** and **Finley**, **supra**.  In his appellate brief, PCRA counsel detailed the nature and extent of his review, listed an issue of arguable merit, and explained why

he believed the claim was frivolous. Counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf. Moreover, counsel attached his letter to Appellant specifically indicating that he believed that the appeal was wholly frivolous for the reasons set forth in his brief and notifying him of his right to raise additional points for consideration by proceeding *pro se* or with the assistance of privately retained counsel. *See Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa.Super. 2016) (citing *Commonwealth v. Friend,* 896 A.2d 607 (Pa.Super. 2006)).

We now consider the issue of arguable merit PCRA counsel presents in his brief to ascertain whether it entitles Appellant to relief. In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 636 Pa. 233, 244, 141 A.3d 1277, 1283–84 (2016) (citations omitted). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2), which includes the ineffective assistance of counsel.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing

*Strickland v. Washington*, 466 U.S. 688, 687-91 (1984)).  To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance."  *Commonwealth v. Sneed*, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting *Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001)).  "A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Commonwealth v. Johnson*, 600 Pa. 329, 345–46, 966 A.2d 523, 532–33 (2009) (quoting *Strickland,* 466 U.S. at 694).  The failure to satisfy any one of the three prongs will cause the entire claim to fail.  *Sneed*, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

In the amended petition, PCRA counsel contended that trial counsel was ineffective in failing to communicate to Appellant a plea offer conveyed by the Commonwealth prior to trial.  This Court has held that a defendant may establish a claim of ineffectiveness of counsel when defense counsel does not fulfill the "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant."  *Commonwealth v. Hernandez*, 79 A.3d 649, 653 (Pa.Super. 2013) (quoting *Missouri v. Frye*, 566 U.S. 134, 145, 132 S.Ct. 1399, 1408 (2012)).

However, our review of the record clearly refutes any claim that Appellant was not fully advised of the prosecution's plea offer. At a hearing held on April 1, 2013, the prosecution placed the specific terms of its plea offer on the record in open court, along with its intent to pursue an additional charge under the Uniform Firearms Act (persons not to possess firearms; 18 Pa.C.S.A. § 6105) if Appellant chose to decline the plea offer. Thereafter, both the trial court and trial counsel discussed this plea agreement with Appellant in open court to ensure that Appellant understood its terms and the potential consequences of rejecting the agreement, proceeding to trial, and facing sentencing upon conviction of the proposed charges. The following exchange occurred at the April 1, 2013 hearing:

> [Prosecutor:] … [T]he Commonwealth would like to place the offers on the record … As regards to [Appellant], we would ask that he plead guilty to Information number five, conspiracy to commit robbery, a felony of the first degree. The recommended sentence would be three and a half to seven years concurrent with Information number eight. Restitution in the amount of $41 to Mr. Davis, again joint and several with Mr. Freeman. And we would ask that he submit a DNA sample. As indicated we would ask [Appellant] to plead guilty to Information number eight, which is firearms not to be carried without a license. It is a felony of the third degree. The recommended sentence would be three and a half to seven years. As I have indicated to defense counsel if [Appellant] were not to accept this offer, the Commonwealth would seek leave to amend the information. [Appellant] is a person not to possess. And his guidelines for that offense would be 60 to 60, he would be starting at five years there. That concludes the two offers made to [Appellant], Your Honor. And the Commonwealth would leave them both open until the next listing.
>
> [Trial Court:] [Defense counsel,] have you explained the offer to your client?

[Trial counsel:] Your Honor[,] earlier this afternoon there was no offer, so this is the first time [Appellant] is hearing of the offer. But just to clarify, [Appellant] one thing that the Commonwealth stated was that this offer will remain open until the next – until your trial date. Should you choose not accept this offer, they will [amend the information] to add a charge. The charge of person not to possess a firearm. The guidelines for that offer start at 60 months or five years. So this is certainly a material thing that you and I had not discussed. So I just wanted to make sure you understood what the DA is referring to when he provided that offer. Do you understand that?

[Appellant:] Yes.

[Trial counsel:] And you understand that the offer is three and a half to seven years on the firearms not to be carried without a license charge?

[Appellant:] Yes.

[Trial counsel:] And a concurrent three and a half to seven years on a conspiracy to robbery charge?

[Appellant:] Yes.

[Trial counsel:] And those charges are concurrent, so they would be running at the same time. Do you understand that?

[Appellant:] Yes. I ain't taking it though.

[Trial counsel:] Okay.

[Trial court:] And if the offer is rejected and we proceed to trial[,] is the Commonwealth going to be seeking consecutive, rather than concurrent sentences?

[Prosecutor:] Most likely, Your honor. Yes.

[Trial court:] So [Appellant,] to have an idea where you stand. If you go to trial and you are convicted, I am required to consider not only mandatory minimum sentences, but also sentencing guidelines. I don't know what your guidelines are. On the charges where there is no mandatory minimum, the guidelines would be

computed based on the seriousness of the offenses, and these are serious offenses, they are felonies. One of them being a felony of the first degree and your prior record. I don't know your prior record, but that would have a bearing. In any event, if you decide to reject the offer, the Commonwealth will be seeking at least one mandatory minimum sentence, and that would be five to ten years. And then the Commonwealth has indicated that it will in all likelihood be seeking separate and consecutive sentences on the other offenses. Do you understand that?

[Appellant:] Yes.

[Trial counsel:] Do you have any questions about it?

[Appellant:] No.

[Prosecutor:] And your Honor just to follow up on what you said, I have made a copy of his guidelines. For counts three, five, and eight just for illustration. And I have given a copy to [trial counsel]. As you indicated [Appellant] does have a prior record score of five, so that has contributed to the inflated guideline ranges.

[Trial court:] What are the guidelines on count five and eight?

[Prosecutor:] Well on count five the standard range is 66 to 78 months, Your Honor. On count eight his standard range is 42 to 42.

[Trial Court:] So the Commonwealth's offer to you, [Appellant], is considerably below your standard range guidelines. Do you understand that?

[Appellant:] Yes.

[Trial court:] Do you have any questions about the guidelines?

[Appellant:] No.

***

[Trial court:] The offers will remain open until the trial date which will be April 22nd.

- 9 -

[Trial counsel:] Your Honor, may I just explain to [Appellant] what the charge of person not to possess a firearm is? I don't think he understands.

[Trial court:] Yes.

[Trial counsel:] The charge that the Commonwealth is threatening to add at the next listing is a charge called persons not possess a firearm. Meaning that if you have a prior conviction -- if you have a certain prior conviction in this case a prior felony conviction, you cannot possess a firearm. The guidelines for that charge along start at five years, five to ten years. You are currently not charged with that, however they are going to seek to amend to add that charge. Do you understand?

[Appellant:] Yes.

N.T. Hearing, 4/1/13, at 3-9, 13-14.

After the terms of the agreement were clearly explained to Appellant on the record, Appellant confirmed that he understood the agreement and indicated that he had no questions regarding the offer. Thereafter, Appellant rejected the plea agreement and proceeded to trial.

Accordingly, based on our review of the record, there is no basis to claim that trial counsel was ineffective in failing to advise Appellant of the plea agreement offered by the Commonwealth that had terms favorable to Appellant.

As a result, our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition reveals no non-frivolous issues of arguable merit. We, therefore, grant counsel's Petition to Withdraw and affirm the PCRA court's order dismissing Appellant's petition.

Petition to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/18